UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES EARL WILSON,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　)　　No. 4:06-CV-529-SNL
　　　　　　　　　　　　　　　　　　　)
RICHANDA LASHELLE JONES, et al.,　　 )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　 )

## **ORDER AND MEMORANDUM**

This matter is before the Court upon the application of James Earl Wilson for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this action against defendants Richanda Lashelle Jones and Channelle Patrice Byrd. Liberally construing the complaint, plaintiff alleges that he was married to defendant Jones, and that he was accused of being a child molester and of "abus[ing] her second daughter Mrs. Channelle Patrice Byrd in the general public and over pirate radio broadcast and personal compact disk our of automobiles." Plaintiff states that he never was convicted of being a child molester and that "the actions of [his] ex-wife and her family and friends [have] caused [him] great stress over the last six years." Plaintiff states that the grounds for filing this action in Federal Court are, as follows: "47usc223 and 18usc2261 for harassing communications in general public."

Having carefully considered plaintiff's claims, the Court concludes that the complaint is legally frivolous. Plaintiff has failed to state a claim or cause of action under The Violence Against Women Act of 1994, 18 U.S.C. § 2261(a)(1)(creating private right of action against a "person who travels across a State line or enters or leaves Indian country with the intent to injure, harass, or intimidate that person's spouse or intimate partner, and who, in the course of or as a result of such travel, intentionally commits a crime of violence and thereby causes bodily injury to such spouse or intimate partner"). Moreover, there is no private cause of action under 47 U.S.C. § 223, which

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

provides criminal sanctions of fines and imprisonment for obscene or harassing telephone calls occurring in interstate communications. Moore v. Principal Credit Corp., 1998 WL 378387 (N.D.Miss. 1998).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4], motion for issuance of subpoena [Doc. #6], and motion for consolidation of separate trials [Doc. #10] are **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of May, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com